UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 OCT 19 P 3:55

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| NEW BALANCE ATHLETIC SHOE, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA NO.: 05CV10794GAO |
| ) | |
| YUNTEX ENTERPRISE (HK) LIMITED ) | |
| AND HORACE CHANG, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER EXTENDING TIME WITHIN WHICH TO COMPLETE SERVICE OF APPLICATION TO CONFIRM ARBITRATION AWARD AND SUMMONS ON THE FOREIGN DEFENDANTS**

Pursuant to FED. R. CIV. P. 6(b), the Plaintiff, New Balance Athletic Shoe, Inc. ("New Balance"), having moved this Court for good cause for leave to extend the time within which to complete service of the Application to Confirm Arbitration Award and file returns of service on the Defendants, Yuntex Enterprise (UK) Limited ("Yuntex") and Horace Chang ("Chang") (collectively, the "Foreign Defendants") until May 15, 2006, states in support of this Motion as follows:

1.  New Balance is a Brighton, Massachusetts based company which manufactures athletic shoes and apparel. Declaration of Counsel ("Decl."), Ex. 1, ¶2.

2.  On December 22, 2004, an American Arbitration Association ("AAA") (International Centre for Dispute Resolution Division) arbitration Panel awarded New Balance $9,879,624.00, exclusive of interest and costs,

      following an extended arbitration hearing. See Final Award, and related prior partial awards, Ex. A to Decl., ¶3.

3. The Final Award was based on the Foreign Defendants infringement on New Balances' intellectual property rights. Decl., ¶4.

4. The Foreign Defendants defended New Balance's arbitration claim and were represented by counsel throughout the proceedings. Decl., ¶5.

5. On or about April 20, 2005, New Balance timely filed his Application to Confirm Arbitration Award and Enter Judgment Upon the Award. Decl., ¶6.

6. On or about April 26, 2005, counsel for New Balance forwarded to the Foreign Defendants, through their arbitration counsel, waiver of service forms pursuant to Fed. R. Civ. P. 4 (d). Decl., Ex. A, ¶7.

7. On or about May 23, 2005, counsel for New Balance was advised by Foreign Defendants' arbitration counsel that she was no longer representing Yuntex and Chang. Accordingly, on May 28, 2005 Waiver of Service forms were sent directly to the Foreign Defendants via certified mail return receipt requested at Yuntex's last known principal office in Hong Kong and Chang's last known residence in Taiwan. Decl., ¶8.

8. The Foreign Defendants never returned the executed Waiver of Service forms (the packages were returned as undeliverable). Decl., ¶9.

9. New Balance, by its counsel, has made diligent efforts to serve the Foreign Defendants but has thus far been unsuccessful. Decl., ¶10.

10. Under the Hague Convention, service attempts in Hong Kong are processed through the Chief Secretary for Administration (the "Central Authority"). Decl., ¶11.

11. The Central Authority, at New Balance's request pursuant to USM 94 submissions, has now made two (2) unsuccessful attempts at service upon Yuntex at the following addresses:

   a) Room 1219, Chevalier Commercial Center, No. 8 Wang Hoi Road, Kowloon Bay, Kowloon, Hong Kong (the "First attempt"); and

   b) 8/F Richmond Commercial Building, 109 Argyle Street, Kowloon, Hong Kong (the "Second Attempt")

   Decl., ¶12.

12. The Central Authority certified by affidavit dated August 2, 2005, and received by the Plaintiff's counsel on or about August 15, 2005 that the First Attempt was unsuccessful. See Affirmation of Non-Service, Ex. B to Decl., ¶13.

13. The Central Authority certified by affidavit dated September 9, 2005, and received by Plaintiff's counsel on or about September 22, 2005, that the Second Attempt was unsuccessful. See Affirmation of Non-Service, Ex. C to Decl., ¶14.

14. In connection with New Balances' efforts to serve the Foreign Defendants, New Balance has employed, at considerable cost, the services of an investigative firm in Asia which has diligently attempted to precisely locate the Foreign Defendants. Decl., ¶15.

15. Based on New Balance's investigation, it appears that Chang is no longer residing in Taiwan and is now somewhere in the area of Hong Kong.

Nonetheless, no residential address had yet been identified. Thus, no service attempt has been successful. Decl., ¶16.

16. However, recently, parcels were delivered (unofficially) to Yuntex and Chang at the Kowloon address which was the subject of the Second Attempt and were accepted. Decl., ¶17.

17. On information and belief, Yuntex and Chang are maintaining an unofficial or "underground" office at the Kowloon address which was the subject of the Second Attempt. Decl., ¶18.

18. New Balance will continue to pursue its investigation in Asia in an attempt to determine the Foreign Defendants' addresses. Decl., ¶19.

19. Additionally, New Balance is now processing supplemental USM 94 request to the Central Authority in an effort to induce an additional service attempt upon Yuntex and Chang at the location which was the subject of the Second Attempt given the recent success in delivering parcels there. Decl., ¶19.

20. It is in the interests of justice that New Balance be afforded additional time to perfect service and confirm the award. The 120 day limit which ordinarily governs service has not been applied under Rule 4(m) relating to the service upon foreign defendants. F. R. Civ. P. 4(m) (this subdivision does not apply to service in a foreign country); See Ballard v. Tyco Int'l, 2005 WL 1863492 *5 (August 4, 2005) (D. NH 2005); Flock v. Scripto-Tokai Corp., 2001 WL 34111 630 at *5 (S.D. Tec. 2001). The award was rendered less than a year ago. New Balance has been diligent

4

in its service efforts. The Foreign Defendants have failed to satisfy the award and Yuntex and Chang have evaded service by vacating their public business and residential address, respectively, which they maintained openly at the time of the arbitration proceeding. There will be no prejudice to the Foreign Defendants if the additional service time is granted. See In re Southold Development Corp., 148 B.R. 726, 730 (E.D.N.Y 1992) (noting flexible due diligence standard relating to insufficient service of process unless prejudice or hardship results). Given the limited circumstances under which an arbitration award may be vacated, there is no reasonable argument, taking into account the limited passage of time since the Application to Confirm was filed, that the Foreign Defendants will suffer any prejudice.

21. The deadline to complete service in this matter is on or about December 15, 2005. New Balance will likely have insufficient time to complete service of process should the service deadline not be extended.

WHEREFORE, the plaintiff, New Balance, respectfully requests that the deadline to complete foreign service upon the Foreign Defendants be extended until May 15, 2006. A proposed order is attached.

RESPECTFULLY SUBMITTED:<br>
New Balance Athletic Shoe, Inc.<br>
By its attorneys,<br>
<br>
_____<br>
James P. Ponsetto BBO# 556144<br>
GREENBERG TAURIG, LLP<br>
One International Place, Twentieth Floor<br>
Boston, Massachusetts 02110<br>
(617) 310-6000

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on October 19, 2005, I attempted in good faith to confer with the foreign defendants in an attempt to resolve or narrow the issues raised in this motion, but was unsuccessful in communicating with the foreign defendants.

_____
James P. Ponsetto

## CERTIFICATE OF SERVICE

I, James P. Ponsetto, hereby certify that on October 19, 2005 I served a copy of the foregoing by first-class mail, postage prepaid upon:

Mr. Horace Chang
No. 262-2 Lien Tsun Road
Feng Yuan, Taichung
Taiwan R.O.C. 420

Mr. Horace Chang
c/o Yuntex Enterprise (HK) Limited
8/F Richmond Commercial Building
109 Argyle Street
Kowloon, Hong Kong

Yuntex Enterprise (HK) Limited
Room 1219, Chevalier Commercial Center
No. 8 Wang Hoi Road
Kowloon Bay, Hong Kong
Attn: President

Yuntex Enterprise (HK) Limited
8/F Richmond Commercial Building
109 Argyle Street
Kowloon, Hong Kong

_____
James P. Ponsetto

bos-fs1\174598v01