UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
NEW BALANCE ATHLETIC SHOE, INC,   )
                                  )
Plaintiff,                        )
                                  )
v.                                )   CA NO.: 05CV10794GAO
                                  )
YUNTEX ENTERPRISE (HK) LIMITED    )
AND HORACE CHANG,                 )
                                  )
Defendants.                       )
_____)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE SUPPLEMENTAL MEMORANDUM RELATING TO FURTHER ATTEMPTED SERVICE UPON FOREIGN DEFENDANTS IN SUPPORT OF PENDING MOTION FOR ORDER EXTENDING TIME WITHIN WHICH TO COMPLETE SERVICE OF APPLICATION TO CONFIRM ARBITRATION AWARD AND SUMMONS ON THE FOREIGN DEFENDANTS**

Pursuant to FED. R. CIV. P. 6(b), the Plaintiff, New Balance Athletic Shoe, Inc. ("New Balance"), having moved this Court for good cause for leave to extend the time within which to complete service of the Application to Confirm Arbitration Award and file returns of service with respect to the Defendants, Yuntex Enterprise (UK) Limited ("Yuntex") and Horace Chang ("Chang") (collectively, the "Foreign Defendants") until May 15, 2006, and incorporating by reference the pending October 15, 2005 Motion and related Memorandum of Law and Declaration of Counsel (the "Original Motion"), states in further support of the Original Motion as follows:

1. New Balance is a Brighton, Massachusetts based company which manufactures athletic shoes and apparel. Declaration of Counsel ("Decl."), Exhibit 1 hereto, ¶2.

2. On December 22, 2004, an American Arbitration Association ("AAA") (International Centre for Dispute Resolution Division) arbitration Panel awarded New Balance $9,879,624.00, exclusive of interest and costs, following an extended arbitration hearing. Decl., ¶3.

3. The Final Award was based on the Foreign Defendants infringement on New Balances' intellectual property rights. Decl., ¶4.

4. The Foreign Defendants defended New Balance's arbitration claim and were represented by counsel throughout the proceedings. Decl., ¶5.

5. On or about April 20, 2005, New Balance timely filed his Application to Confirm Arbitration Award and Enter Judgment Upon the Award. Decl., ¶6.

6. On or about October 27, 2005, New Balance made yet a further attempt at service by completing a USM94 Form and forwarding it to the Hong Kong Chief Secretary for Administration (the "Central Authority"). Decl., ¶7[1].

7. Under the Hague Convention, service attempts in Hong Kong are processed through the Central Authority. Decl., ¶8.

8. Service was attempted on Chang by the Central Authority at an address which was provided by New Balance's counsel as a result of the investigative efforts of a private investigator retained by the Plaintiff. Decl., ¶9.

9. On or about December 20, 2005, Plaintiff's counsel received an Affirmation of Non-Service from the Central Authority confirming that on

---

[1] As outlined in the Original Motion, there have been multiple, failed service attempts to date.

November 17, 2005 an unsuccessful service attempt was made. Decl., ¶10 and Exhibit A hereto.

10. It is in the interests of justice that New Balance be afforded additional time to perfect service and confirm the award. The 120 day limit which ordinarily governs service has *not* been applied under Rule 4(m) relating to the service upon foreign defendants. F. R. Civ. P. 4(m) (this subdivision does not apply to service in a foreign country); See Ballard v. Tyco Int'l, 2005 WL 1863492 *5 (August 4, 2005) (D. NH 2005); Flock v. Scripto-Tokai Corp., 2001 WL 34111 630 at *5 (S.D. Tec. 2001). The award was rendered only a year ago. New Balance has been diligent in its service efforts. The Foreign Defendants have failed to satisfy the award and Yuntex and Chang have evaded service by vacating their public business and residential address, respectively, which they maintained openly at the time of the arbitration proceeding. There will be no prejudice to the Foreign Defendants if the additional service time is granted. See In re Southold Development Corp., 148 B.R. 726, 730 (E.D.N.Y 1992) (noting flexible due diligence standard relating to insufficient service of process unless prejudice or hardship results). Given the limited circumstances under which an arbitration award may be vacated, there is no reasonable argument, taking into account the limited passage of time since the Application to Confirm was filed, that the Foreign Defendants will suffer any prejudice.

WHEREFORE, the Plaintiff, New Balance, respectfully requests that the

deadline to complete foreign service upon the Foreign Defendants be extended until May 15, 2006. A proposed order was attached to the Original Motion.

**RESPECTFULLY SUBMITTED:**
New Balance Athletic Shoe, Inc.
By its attorneys,


  /s/   James P. Ponsetto
James P. Ponsetto BBO# 556144
GREENBERG TRAURIG, LLP
One International Place, Twentieth Floor
Boston, Massachusetts 02110
(617) 310-6000

bos-fs1\179961v01

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
NEW BALANCE ATHLETIC SHOE, INC, )
                                            )
Plaintiff,                         )
                                            )
v.                                         )     CA NO.: 05CV10794GAO
                                            )
YUNTEX ENTERPRISE (HK) LIMITED  )
AND HORACE CHANG,             )
                                            )
Defendants.                )
_____)

## DECLARATION OF COUNSEL

I, James P. Ponsetto, declare and say as follows:

1. I am an attorney at Greenberg Traurig, LLP and I am one of the attorneys representing New Balance Athletic Shoe, Inc. ("Plaintiff"). I submit this Declaration in support of Plaintiff's Motion to File Supplemental Memorandum Relating to Further Attempted Service Upon Foreign Defendants in Support of Pending Motion for Order Extending Time Within Which to Complete Service of Application to Confirm Arbitration Award and Summons on the Foreign Defendants in the above-referenced matter.

2. New Balance is a Brighton, Massachusetts based company which manufactures athletic shoes and apparel.

3. On December 22, 2004, an American Arbitration Association ("AAA") (International Centre for Dispute Resolution Division) arbitration Panel awarded New Balance $9,879,624.00, exclusive of interest and costs, following an extended arbitration hearing.

4. The Final Award was based on the Foreign Defendants infringement on New Balances' intellectual property rights.

5. The Foreign Defendants defended New Balance's arbitration claim and were represented by counsel throughout the proceedings.

6. On or about April 20, 2005, New Balance timely filed his Application to Confirm Arbitration Award and Enter Judgment Upon the Award.

7. On or about October 27, 2005, New Balance made yet a further attempt of service by completing a USM94 Form and forwarding it to the Hong Kong Chief Secretary for Administration (the "Central Authority").

8. Under the Hague Convention, service attempts in Hong Kong are processed through the Central Authority.

9. Service was attempted on Chang by the Central Authority at an address which was provided recently by New Balance's counsel as a result of the investigative efforts of a private investigator retained by the Plaintiff.

10. On or about December 20, 2005, Plaintiff's counsel received an Affirmation of Non-Service from the Central Authority confirming that on November 17, 2005 an unsuccessful service attempt was made (Exhibit A to Memorandum of Law filed herewith).

Signed under the penalties of perjury this 4th day of January, 2006.

                                      *Counsel for*
                                      *New Balance Athletic Shoe, Inc,*

                                         /s/   James P. Ponsetto
                                      James P. Ponsetto BBO# 556144
                                      GREENBERG TRAURIG, LLP
                                      One International Place, Twentieth Floor
                                      Boston, Massachusetts 02110
                                      (617) 310-6000

bos-fs1\179962v01

CSO/ADM/SJ/98/2005A

Request for service of Judicial Documents from

*Exhibit A*

USA

Party for service

<u>HORACE CHANG, C/O ULEX TRADING (HONG KONG) LTD.</u>

===========================================

AFFIRMATION OF NON-SERVICE

I,   LEE Wai-chun   , Bailiff's Assistant of the High Court of Hong Kong Special Administrative Region, do solemnly, sincerely and truly affirm as follows:-

I did on Thursday, the 17th day of November, 2005 at 1440 hours call at Flat/Room 2, 16/F., Apec Plaza, 49 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong for the purpose of serving the judicial documents namely,
1) Request;
2) Summary of the document to be served;
3) Certificate (unexecuted);
4) Application to Confirm Arbitration Award and Enter Judgment Upon the Award and
5) Summons.

2.        Upon arrival, a company sign marked 'ULEX TRADING (HONG KONG) LTD." was shown, I was informed by a female staff member of ULEX TRADING (HONG KONG) LTD. that there was no such named HORACE CHANG.

3.        I did again on Wednesday, the 23rd day of November, 2005 at 1250 hours call at Flat/Room 2, 16/F., Apec Plaza, 49 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong for serving of the above-mentioned judicial documents. I was informed by a female staff member that there was no such named HORACE CHANG.

4.        For the aforesaid reason, I was unable to serve the said judicial documents on the above-named HORACE CHANG.

AND LASTLY, I do solemnly, sincerely and truly affirm and say that the contents of this my affirmation are true.

| | |
|---|---|
| AFFIRMED at the Bailiff Kowloon ) | |
| Summons Office, 2/F., Kwun Tong Law Courts, ) | *(signature)* |
| Kowloon, Hong Kong. ) | LEE Wai-chun |
| this 23rd day of November, 2005 ) | |

Before me,

*[signature]*

**CHENG Wing-fat**
Commissioner for Oaths
Judiciary