UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| NEW BALANCE ATHLETIC SHOE, INC, ) | CA NO.: 05CV10794GAO |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| YUNTEX ENTERPRISE (HK) LIMITED ) | |
| AND HORACE CHANG, ) | |
| ) | |
| Defendants. ) | |

_____)

**PLAINTIFF'S MOTION TO APPROVE SERVICE UPON FOREIGN
DEFENDANT HORACE CHANG PURSUANT TO RULE 4(f)(3)**

Now comes the Plaintiff, New Balance Athletic Shoe, Inc. ("New Balance"), and

moves this Honorable Court to approve service upon the foreign Defendant, Horace

Chang ("Chang"), pursuant to Fed. R. Civ. P. 4(f)(3). In support hereof, New Balance

states that it has made a diligent effort to serve Chang on multiple occasions in both Hong

Kong and Taiwan. Having failed to perfect service, New Balance now seeks to serve

Chang in Taiwan by alternative methods approved by the Court which are designed to

apprise Chang of the instant claim in which New Balance seeks to confirm an arbitration

award rendered against Chang and Yuntex Enterprises (HK) Limited. A proposed Order

is appended as Exhibit A .  In further support hereof, New Balance, through its counsel,

relies upon its Memorandum of Law, a declaration of counsel (Ex. B), and a declaration

of Chung Cheng Shen (Ex. C), each filed herewith.

WHEREFORE, New Balance prays that this Court allow this Motion.

**RESPECTFULLY SUBMITTED:**
New Balance Athletic Shoe, Inc.
By its attorneys,


  /s/ James P. Ponsetto
James P. Ponsetto BBO# 556144
GREENBERG TRAURIG, LLP
One International Place, Twentieth Floor
Boston, Massachusetts 02110
DATED: March 17, 2006          (617) 310-6000

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on March 16, 2006, I attempted in good faith to confer with the foreign defendants in an attempt to resolve or narrow the issues raised in this motion, but was unsuccessful in communicating with the foreign defendants.


  /s/ James P. Ponsetto
James P. Ponsetto, Esq.

## CERTIFICATE OF SERVICE

I, James P. Ponsetto, hereby certify that on March 17, 2006 I served a copy of Plaintiff's Motion to Approve Service Upon Foreign Defendant Horace Chang Pursuant to Rule 4(f)(3), a Supporting Memorandum of Law, a Declaration of Counsel and a Declaration of Chung-Cheng Shen, with related exhibits, by first-class mail, postage prepaid upon:

Mr. Horace Chang
19 Hui-Lai Road
Sec. 1
Nan-Tun District
Tai Chung City
Taiwan
("Hui-Lai Road")

Yuntex Enterprise (HK) Limited
c/o Yuntex Enterprise (HK) Limited
8/F Richmond Commercial Building
109 Argyle Street
Kowloon, Hong Kong

  /s/ James P. Ponsetto
James P. Ponsetto

**EXHIBIT A**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

_____

NEW BALANCE ATHLETIC SHOE, INC, )          CA NO.: 05CV10794GAO

                       )

Plaintiff,               )

                       )

v.                     )

                       )

YUNTEX ENTERPRISE (HK) LIMITED  )
AND HORACE CHANG,        )

                       )

Defendants.            )

_____)

### <u>ORDER</u>

This matter having come before the Court upon Plaintiff's Motion to Approve Service Upon Foreign Defendant Horace Chang Pursuant to Rule 4(f)(3), and the Court having considered this matter , and for good cause shown,

IT IS on this __ day of _____, 2006

ORDERED that Plaintiff's motion is allowed and Plaintiff is given leave to serve the Defendant Horace Chang by alternative means that is found to be consistent with due process.  Specifically, Plaintiff may serve Horace Chang by:

    a.    mailing the Summons, Complaint and a copy of this Order to Chang's last know residence at 19 Hui-Lai Road, Sec. 1, Nan-Tun District, Tai Chung City, Taiwan ; and

    b.    faxing the Summons, Complaint and a copy of this Order to Chang's attention to the offices of Chenfeng Manufacturing Company Ltd.,  No 21-12, Lung Hsin Lane, Feng Hsin Road, Sec. 2, Tantzu Hsiang, Taichung County, Taiwan (FAX: 886-4-2536-1172); and

    c.    mailing the Summons, Complaint and a copy of this Order to Chang's attention to the offices of Chenfeng Manufacturing Company Ltd. at the same address; and it is further

ORDERED that upon completion of service in the method described, Plaintiff's counsel shall prepare an affidavit attesting to compliance with the Order and shall file that affidavit with the Court in lieu of the filing of a Summons and return.

_____
Honorable George A. O'Toole, Jr.

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————— )
NEW BALANCE ATHLETIC SHOE, INC, )          CA NO.: 05CV10794GAO
                                 )
Plaintiff,                     )
                                 )
v.                                 )
                                 )
YUNTEX ENTERPRISE (HK) LIMITED   )
AND HORACE CHANG,           )
                                 )
Defendants.                  )
———————————————————— )

## <u>DECLARATION OF COUNSEL</u>

I, James P. Ponsetto, declare and say as follows:

1.      I am an attorney affiliated with Greenberg Traurig, LLP and I am one of the attorneys representing New Balance Athletic Shoe, Inc. ("Plaintiff" or "New Balance").

2.      I submit this Declaration in support of Plaintiff's Motion to Approve Service upon Foreign Defendant Horace Chang ("Chang") pursuant to Rule 4(f)(3).

3.      New Balance is based in Brighton, Massachusetts and manufactures athletic shoes and apparel.

4.      On December 22, 2004, an American Arbitration Association ("AAA") arbitration panel (International Centre for Dispute Resolution Division) awarded New Balance $9,879,624.00, exclusive of interest and costs (the "Award"), against Chang and Yuntex Enterprise (HK) Limited ("Yuntex" and with Chang the "Foreign Defendants").

5.      The Award was based on the Foreign Defendants' infringement on New Balance's intellectual property rights.

6.     The Foreign Defendants defended New Balance's arbitration claim and were represented by counsel throughout the arbitration proceedings.

7.     The Foreign Defendants did not satisfy the Award.

8.     On April 21, 2005, Plaintiff's counsel filed its Application to Confirm Arbitration Award and Enter Judgment Upon Award.

9.     On or about April 26, 2005, for New Balance's counsel forwarded to the Foreign Defendants, through their arbitration counsel, waiver of service forms pursuant to Fed. R. Civ. P. 4(d).

10.     On or about May 23, 2005, New Balance's counsel was advised by the Foreign Defendants' arbitration counsel that she no longer represented Yuntex and Chang.  Accordingly, on May 28, 2005, Waiver of Service forms were sent directly to the Foreign Defendants via certified mail return receipt requested at Yuntex's last known principal office and Chang's last known residence which each maintained at the time of the arbitration.

11.     The Foreign Defendants never returned the executed Waiver of Service forms.

12.      New Balance, by its counsel, has made diligent efforts to serve the Foreign Defendants both in Hong Kong and Taiwan, but has thus far been unsuccessful.

13.     The current Motion addresses only service as to Chang.  The Chief Secretary of Administration in Hong Kong (the "Central Authority"), which coordinates service in Hong Kong pursuant to the Hague Convention, is currently in the midst of processing New Balance's fourth attempt at service upon Yuntex in Hong Kong.  Thus, it is premature for New Balance to seek approval for service upon Yuntex pursuant to Rule 4(f)(3).

14. New Balance has made attempts to serve Chang on three (3) separate occasions, in two countries, involving four (4) discrete locations, since the litigation began. None of those service attempts was successful.

15. After the Foreign Defendants failed to satisfy the Award, Plaintiff's counsel retained the services of a private investigator to ascertain the whereabouts of the Foreign Defendants so service of the Complaint and Summons could be completed.

16. Based on the initial investigative work of Plaintiff's private investigator, Plaintiff's counsel was informed that Chang did not appear to be living in Taiwan, where he had maintained a residence during the course of the arbitration.

17. Plaintiff's counsel eventually received information, however, that Chang was a Director and shareholder of Ulex Trading Company, Ltd. ("Ulex"), which maintained its principal office in Hong Kong.

18. Plaintiff's counsel was also provided with information that the Ulex corporate organization papers listed Chang's residential address as the Chevalier Commercial Center, No. 8, Wang Hoi Road, Kowloon, Hong Kong (the "Chevalier Commercial Center").

19. The Chevalier Commercial Center, coincidentally, is the former corporate address of Yuntex which Yuntex maintained during the course of the arbitration proceeding.

20. Plaintiff's counsel knew, based on an unsuccessful attempt at service by the Central Authority in this case upon Yuntex at the Chevalier Commercial Center in July, 2005 that Yuntex no longer occupies that address (see Affirmation of Non-Service, Exhibit A). Thus, Plaintiff's counsel was well aware that Chang didn't actually maintain the Chevalier Commercial Center as his residential address.

21.     On October 27, 2005, Plaintiff's counsel sent to the Central Authority an executed USM 94 processing form seeking to have Chang served at the offices of Ulex at its corporate address located at 16/F Apec Plaza, 49 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong (the "Apec Plaza"), pursuant to Fed.R.Civ.P. 4 (f)(1).

22.     On November 23, 2005, a service attempt upon Chang was made at the Apec Plaza but was unsuccessful.  (See Affirmative Non-Service, Ex. B).

23.     Based on the further investigative efforts of a private investigative service, Plaintiff's counsel was directed to two other potential addresses for Chang at which service could be attempted:

    a.     19 Hui-Lai Road
        Sec. 1
        Nan-Tun District
        Tai Chung City
        Taiwan
        ("Hui-Lai Road")

    b.     No 21-12
        Lung Hsin Lane
        Feng Hsin Road
        Sec. 2
        Tantzu
        Taichung County
        Taiwan
        ("Lung Hsin Lane")

24.     The Hui-Lai Road address purports to be a residential address.

25.     The Lung Hsing Lane address is the business address of Chenfeng Machinery & Enterprises Co., Ltd. ("Chenfeng"), a private Company with which Chang is affiliated.  He is a Director and shareholder of Chenfeng.

26.     On February 21, 2006, service on Chang was attempted at the Hui-Lai Road address by Mr. Shen, a process server employed by Plaintiff's local counsel in Taipei, Taiwan, Barker McKenzie, pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i).

27.     The service attempt at the Hui-Lai Road address was unsuccessful, but Mr. Shen confirmed that Chang lives there.

28.     On the same date, Mr. Shen traveled to the Lung Hsin Lane address of Chenfeng in an effort to serve Chang there.

29.     Mr. Shen was advised by a representative of Chenfeng that Chang was then in an undisclosed location in Hong Kong and was not then in Taiwan.

30.     Mr. Shen attempted to serve Chang on February 21, 2006 by hand both in this action and in a parallel action pending in Hong Kong in which New Balance seeks to enforce the Award (the "HK Action").

31.     On March 8, 2006, Mr. Shen made additional attempts at serving Chang pursuant to Fed.R.Civ.P. 4 (f)(3).

32.     First, Mr. Shen traveled to the Hui-Lai Road address and again did not encounter Chang. The attempt at service was unsuccessful.

33.     Mr. Shen also traveled on March 8, 2006 to the Lung Hsin Lane address of Chenfeng and was advised, again by a Chenfeng agent, that Chang was out of the country.

34.     On March 8, 2006, Mr. Shen also made attempts to serve Chang at two additional locations in Taiwan, but was unsuccessful.

Signed under the penalties of perjury this 17th day of March, 2006.

*Counsel for*
*New Balance Athletic Shoe, Inc,*


__ /s/ James P. Ponsetto_____
James P. Ponsetto BBO # 556144
GREENBERG TRAURIG, LLP
One International Place, Twentieth Floor
Boston, Massachusetts 02110
(617) 310-6000

bos-fs1\184677v02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEW BALANCE ATHLETIC SHOE, INC, )    CA NO.: 05CV10794GAO
)
Plaintiff,                       )
)
v.                               )
)
YUNTEX ENTERPRISE (HK) LIMITED   )
AND HORACE CHANG,                )
)
Defendants.                      )
_____ )

**DECLARATION OF CHUNG-CHENG SHEN IN SUPPORT OF PLAINTIFF'S
MOTION TO APPROVE SERVICE UPON FOREIGN DEFENDANT HORACE
CHANG PURSUANT RULE 4(f)(3)**

I, Chung-Cheng Shen, declare and say as follows:

1.      I am a contracted courier to the law firm of Baker & McKenzie located in
Taipei.

2.      I was retained by Baker & McKenzie to serve as a process server.

3.      Baker & McKenzie serves as local counsel for New Balance Athletic Shoe,
Inc. in connection with the above matter.

4.      I was directed by Baker & McKenzie to serve upon the Defendant, Horace
Chang, a copy of the Application to Confirm Arbitration Award and Enter Judgment
Upon the Award, and related Summons, in the above matter. I was also directed to
attempt to serve Mr. Chang in a related proceeding pending in Hong Kong.  As
recounted herein, I was unsuccessful in serving Mr. Chang.

5.      On February 21, 2006, I traveled to the residential address of Horace
Chang located at 19 Hui-Lai Road, Sec. 1, Nan-Tun District, Taichung City, Taiwan (the
"Hui-Lai Road Address"). I arrived at 9:15 am.  The building is a townhouse.  I rang the

EXHIBIT C

doorbell to Unit 19 several times over a five minute period but no one opened the door or otherwise responded. There is no mail box in front of this building. The building is located in a "Hsiang Lin Yun Kang Community." The community has an administration office. I contacted the staff in the administration office and was advised that Horace Chang currently lives in Unit 19. The staff of the administration office dialed the telephone number of Chang's unit while in my presence but no one answered the phone call. The telephone number of the administration office of the Community is (04)2259-9416. I then stood in front of Mr.Chang's unit for twenty minutes but no one passed near or into the unit.

6.     Later that same day, February 21, I traveled to the principal office of Chenfeng Machinery & Enterprise Co., Ltd. ("Chenfeng Machinery"), No. 21-12, Lung Hsing Lane, Feng Hsin Road, Sec. 2, Tanzu Hsiang, Taichung County, Taiwan (the "Lung Hsing Address"). The company registration information available from the government website verifies that Mr. Chang is a Director and shareholder of the company, which is a private entity. I arrived at the company shortly after 10:00 am. A company representative, Ruth Liao, met me. She provided me with her business card which listed her title as Specialist/General Manager Office. She advised me that Horace Chang was currently in China at an undisclosed factory location. I attach a true copy of the business card which I received from Ruth Liao (Exhibit A). I also attach a true copy of the company registration information I retrieved from the website of the Ministry of Economic Affairs, identifying Mr. Chang as a Director and shareholder of Chenfeng Machinery. (Exhibit B).

7.     On March 8, 2006, I returned to the Hui-Lai Road Address at approximately 9:15 am. in an effort, again, to serve Mr. Chang in hand with the summons and complaint in the US action and in the Hong Kong action. I rang the doorbell to Mr. Chang's Unit 19 several times but no one opened the door or otherwise responded. I again contacted the staff in the administration office and spoke to Mr. Chuan (who did not disclose his first name). He confirmed me that Horace Chang in fact resides at the Hui-Lai Road Address. Mr. Chuan, at my request, dialed the telephone number of Chang's unit but no one answered the phone call. I then knocked on the door of the townhouse next to Mr. Chang's unit but no one opened the door or otherwise responded. I then stood in front of Mr. Chang's unit for approximately ten minutes but no one passed by or near the unit.

8.     After leaving the Hui-Lai Road Address, I traveled to the office of Lexeng Enterprise Co. Ltd. ("Lexeng"), 5th Fl, No. 40, Jhong-ing S. Road, West District, Taichung County, Taiwan. My understanding is that Mr. Chang was at one time affiliated with Lexeng. I arrived at Lexeng's office at around 9:40 am on March 8. I encountered a male working in the office who identified himself as Mr. Wu (without providing his first name), an employee of Lexeng. Mr. Wu reported to me that Mr. Chang was no longer affiliated with Lexeng in any capacity and was not on the premises.

9.     After leaving Lexeng's office, I traveled on the same day to what was formerly the offices of Chens Feng Co., Ltd., No. 12, Lane 529, Lien Tsun Road, Feng Yuan City, Taichung County, Taiwan. I understand that Mr. Chang was at one time affiliated with this company. However, when I arrived I found that the premises was vacant and it had the appearance of having been vacant for some time.

10.     I left the vacant Chens Feng office and returned to the Lung Hsing Address of Chenfeng Manufacturing where I had unsuccessfully attempted to serve Mr. Chang on February 21, 2006. I arrived there on March 8, 2006 at about 10:45 am.  I met again with Ruth Liao who informed me that Mr. Chang was presently out of the country and was visiting an undisclosed factory in China.

11.     In sum, over a two-day period, I traveled to six locations (two locations having been visited twice), but I was unsuccessful in serving Mr. Chang with the summons and complaint in the above matter.

Signed under the penalties of perjury this 2th day of March, 2006.

Chung-Cheng Shen

bos-fs1\184980v03



**全鋒實業股份有限公司**
**CHENFENG MACHINERY & ENTERPRISE CO.,LTD.**

製鞋設備・航太暨精密加工・產業機械委託製作・鎂射快速成型・化工複合材料

台中縣 42742 潭子鄉聖興路 2 段龍興巷 21-12 號
21-12 Lung Hsin Lane, Sec.2.Feng Hsin Rd.,Tantzu,Taichung,Taiwan
TEL: 886-4-2536-1143        FAX:886-4-2536-1172
http://www.chenfeng.com.tw    統一編號：55824295
E-mail : ruthliao@chenfeng.com.tw




總經理室 / 專員

廖　悅　汝

(分機：109)



CHENFENG MACHINERY & ENTERPRISE CO.,LTD.

**Ruth Liao**

Specialist / General Manager Office




21-12 LUNG HSIN LANE,SEC. 2. FENG HSIN RD.,
TANTZU,TAICHUNG, TAIWAN, R.O.C.
TEL : 886 - 4 - 2536 - 1143            EXT:109
FAX : 886 - 4 - 2536 -1172
E-mail : ruthliao@chenfeng.com.tw

EXHIBIT A

# 公司基本資料查詢

**董監事資料**    **分公司資料**

統一編號：55824295    公司狀況：核准設立 <u>(備註)</u>

公司名稱:全鋒實業股份有限公司

資 本 總 額：604,713,000

　實收資本額：604,713,000

　代表人姓名:徐志宏

　公司所在地:臺中縣潭子鄉新田村豐興路２段龍興巷２１－１２號

　登 記 機 關:經濟部（商業司）

核准設立日期:065/11/11

　異 動 日 期:095/02/14

Exhibit B

## 所營事業資料

### <u>(新版所營事業代碼對照查詢)</u>

1. 油壓機之加工製造買賣業務。
2. 各種油壓、機械零件及精密模具之製造加工買賣業務。
3. 各種鋼刀材料之製造加工買賣業務。
4. 各項航空器材之加工製造買賣業務。
5. 合成橡膠之加工製造買賣業務。
6. 製鞋整廠機械設備之設計規劃及其相關材料產品之製造買賣加工業務。
7. 塑膠粒及其原材料製品之加工製造買賣業務。
8. 發電、焚化爐及汽電共生設備之代理銷售、維修業務。
9. 企業管理之諮詢分析診斷顧問業務（會計師業務除外）（證券投資顧問業務除外）。
10. 有關建材及建設機械之買賣及進出口。

CD01020軌道車輛及其零件製造業

12.前各項有關產品原物料進出口貿易業務。

13.前各項業務之技術移轉。

CC01050資料儲存及處理設備製造業

(備註)

若須查詢該公司是否辦妥營業登記或仍在營業中，請逕自連結至下列網址查詢。
謝謝！！

財政部稅務入口網　營業登記資料公示查詢網站

網址如下所示：

http://www.etax.nat.gov.tw/wSite/sp?xdUrl=/wSite/query/query01.jsp&ctNode=10818

公司統編:55824295 公司名稱:全鋒實業股份有限公司

# 董事、監察人資料

| 序號 | 職稱 | 姓名 | 所代表法人 | 持有股份數 |
|------|------|------|-----------|-----------|
| 1 | 董事長 | 徐志宏 | 千附實業股份有限公司 | 8,465,591 |
| 2 | 董事 | 張瓊如 | | 1,903,894 |
| 3 | 董事 | 張國揚 | | 5,620,189 |
| 4 | 董事 | 張若婷 | | 237,323 |
| 5 | 董事 | 黃澤彥 | | 400,604 |
| 6 | 董事 | 梅長錡 | | |
| 7 | 董事 | 黃堅洲 | | 2,688,362 |
| 8 | 監察人 | 張睦雄 | | 1,907,309 |
| 9 | 監察人 | 吳雪真 | | 2,589,344 |

# 經理人資料

| 序號 | 職稱 | 姓名 | 到職日期 |
|------|------|------|---------|
| 1 | 經理人 | 賴志明 | 095/02/01 |
| 2 | 經理人 | 劉醳清 | 083/03/01 |
| 3 | 經理人 | 李信中 | 082/04/27 |
| 4 | 經理人 | 簡明山 | 081/08/22 |

File No.:CSO/ADM/SJ/98/2005A

EXHIBIT A

Request for Service of judicial documents from

U S A

Party for Service:

YUNTEX  ENTERPRISE (HK)  LIMITED

## AFFIRMATION OF NON-SERVICE

I, CHEUNG Kam-yuen  Bailiff's Assistant of the High Court of Hong Kong S.A.R., do solemnly, sincerely and truly affirm as follows:

1.        I did on  Friday, the 15 th day of July, 2005 at 14:13 hours call at Room 1219, Chevalier Commercial Centre, 8, Wang Hoi Road, Kowloon Bay, Kowloon, Hong Kong for the purpose of serving on the abovenamed YUNTEX ENTERPRISE (HK) LIMITED the following judicial documents namely,

    I).      Request,
    II).     Summary of the document to be served,
    III).    Certificate (unexecuted)
    IV).    Summons In a Civil Case and
    V).     Application to Confirm Arbitration Award and Enter Judgment Upon the Award with exhibit A-D.

2.        On arrival, I found that the premises were vacant and was informed by a Miss Leung of Management Office that the said YUNTEX ENTERPRISE (HK) LIMITED had moved for three months and its whereabouts was unknown.

3.        For the aforesaid reasons, I was unable to serve the said judicial documents on the abovenamed  YUNTEX ENTERPRISE (HK) LIMITED.

AND  LASTLY,  I  do  solemnly,  sincerely  and  truly  affirm   and  say  that  the contents of this my affirmation  are true.

AFFIRMED  at Bailiff Kowloon Summons Office, )
Rm. 208, 2/F., Kwun Tong Law Courts,            )
Kowloon, Hong Kong.                                       )
this 2 nd day of  August,2005                            )     CHEUNG  KAM-yuen

Before me,

John S.T. Wong
Senior Bailiff
Commissioner of Oaths

CSO/ADM/SJ/98/2005A

Request for service of Judicial Documents from

## USA

Party for service

## HORACE CHANG, C/O ULEX TRADING (HONG KONG) LTD.

======================================================

## AFFIRMATION OF NON-SERVICE

I,   LEE Wai-chun   , Bailiff's Assistant of the High Court of Hong Kong Special Administrative Region, do solemnly, sincerely and truly affirm as follows:-

I did on Thursday, the 17th day of November, 2005 at 1440 hours call at Flat/Room 2, 16/F., Apec Plaza, 49 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong for the purpose of serving the judicial documents namely,
1) Request;
2) Summary of the document to be served;
3) Certificate (unexecuted);
4) Application to Confirm Arbitration Award and Enter Judgment Upon the Award and
5) Summons.

2.        Upon arrival, a company sign marked 'ULEX TRADING (HONG KONG) LTD." was shown, I was informed by a female staff member of ULEX TRADING (HONG KONG) LTD. that there was no such named HORACE CHANG.

3.        I did again on Wednesday, the 23rd day of November, 2005 at 1250 hours call at Flat/Room 2, 16/F., Apec Plaza, 49 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong for serving of the above-mentioned judicial documents.  I was informed by a female staff member that there was no such named HORACE CHANG.

4.        For the aforesaid reason, I was unable to serve the said judicial documents on the above-named HORACE CHANG.

AND LASTLY, I do solemnly, sincerely and truly affirm and say that the contents of this my affirmation are true.

| | | |
|---|---|---|
| AFFIRMED at the Bailiff Kowloon | ) | |
| Summons Office, 2/F., Kwun Tong Law Courts, | ) | |
| Kowloon, Hong Kong. | ) | LEE Wai-chun |
| this 23rd day of November, 2005 | ) | |

EXHIBIT B

Before me,

**CHENG Wing-fat**
Commissioner for Oaths
Judiciary