UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
NEW BALANCE ATHLETIC SHOE, INC, )
                                )
Plaintiff,                      )
                                )
v.                              )    CA NO.: 05CV10794GAO
                                )
YUNTEX ENTERPRISE (HK) LIMITED  )
AND HORACE CHANG,               )
                                )
Defendants.                     )
_____)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ORDER EXTENDING TIME WITHIN WHICH TO COMPLETE SERVICE OF APPLICATION TO CONFIRM ARBITRATION AWARD AND SUMMONS ON EACH OF THE FOREIGN DEFENDANTS**

Pursuant to Fed. R. Civ. P. 6(b)(1), the Plaintiff, New Balance Athletic Shoe, Inc. ("New Balance"), having moved this Court for good cause to extend until August 1, 2006 the date by which New Balance may complete service of the Application to Confirm Arbitration Award upon the Defendants, Yuntex Enterprise (HK) Limited ("Yuntex") and Horace Chang ("Chang" and with Yuntex, the "Foreign Defendants") and to file the returns of service, states that it successfully served one of the two Foreign Defendants, Yuntex, in Hong Kong on March 23, 2006, but it has failed to perfect service on Chang, despite diligent efforts. There is a pending Motion, filed by New Balance on March 16, 2006, to allow service upon Chang pursuant to Fed. R. Civ. P. 4(f)(3). New Balance requires additional time to complete service and file the original returns of service in Court. In further support of its Motion, New Balance states as follows:

## BACKGROUND

1.  New Balance is a company based in Brighton, Massachusetts which manufactures athletic shoes and apparel. Declaration of Counsel ("Counsel Decl."), Ex. 1, ¶2.

2.  On December 22, 2004, an American Arbitration Association ("AAA") arbitration Panel (International Centre for Dispute Resolution Division) awarded New Balance $9,879,624.00, exclusive of interest and costs, following an extended arbitration hearing. Counsel Decl., ¶3 and Ex. A thereto.

3.  The Final Award was based on the Foreign Defendants' infringement on New Balances' intellectual property rights. Counsel Decl., ¶4.

4.  The Foreign Defendants defended New Balance's arbitration claim and were represented by counsel throughout the arbitration proceedings. Counsel Decl., ¶5.

5.  On or about April 20, 2005, New Balance timely filed his Application to Confirm Arbitration Award and Enter Judgment Upon the Award. Counsel Decl., ¶6.

6.  On or about April 26, 2005, counsel for New Balance forwarded to the Foreign Defendants, through their arbitration counsel, waiver of service forms pursuant to Fed. R. Civ. P. 4 (d). Counsel Decl., ¶7.

7.  On or about May 23, 2005, New Balance's counsel was advised by the Foreign Defendants' arbitration counsel that she was no longer representing Yuntex and Chang. Accordingly, on May 28, 2005 Waiver of Service forms were sent directly to the Foreign Defendants via certified mail return receipt requested at Yuntex's last known principal office in Hong Kong and Chang's last known residence in Taiwan. Counsel Decl., ¶8.

8.  The Foreign Defendants never returned the executed Waiver of Service forms. Counsel Decl., ¶9.

9.  New Balance, by its counsel, has made diligent efforts to serve the Foreign Defendants, but has thus far been successful in serving only Yuntex. Counsel Decl., ¶10.

### 1. New Balance's Repeated Efforts To Serve Yuntex Recently Proved Successful

10.  Under the Hague Convention, service attempts in Hong Kong are processed through the Chief Secretary for Administration (the "Central Authority"). Counsel Decl., ¶11.

11.  The Central Authority, at New Balance's request,[1] made unsuccessful attempts at service upon Yuntex at the following addresses:

   a)  Room 1219, Chevalier Commercial Center, No. 8 Wang Hoi Road, Kowloon Bay, Kowloon, Hong Kong[2] (the "First attempt"); and

   b)  8/F Richmond Commercial Building, 109 Argyle Street, Kowloon, Hong Kong (the "Second Attempt")

Counsel Decl., ¶12.

12.  The Central Authority certified by affidavit dated August 2, 2005, and received by the Plaintiff's counsel on or about August 15, 2005, that the First Attempt was unsuccessful. Counsel Decl., ¶13 and Ex. B thereto.

13.  The Central Authority certified by affidavit dated September 9, 2005, and received by Plaintiff's counsel on or about September 22, 2005, that the Second Attempt was unsuccessful. Counsel Decl., ¶14 and Ex. C thereto.

---

[1] To initiate service by and through the Central Authority, the requesting party must complete and submit a form USM 94.

[2] The Chevalier Commercial Center is the principal office which Yuntex maintained at the time of the arbitration.

3

14. In connection with New Balance's efforts to serve the Foreign Defendants, New Balance employed, at considerable cost, the services of private investigative firms in Asia which have diligently attempted to precisely locate the Foreign Defendants. Counsel Decl., ¶15.

15. Based on the investigative work of one of New Balance's private investigators, New Balance's counsel identified additional service locations for Yuntex. New Balance forwarded to the Central Authority on January 18, 2005 three (3) new USM 94 forms by which New Balance sought to serve Yuntex:

    a) Room 1602, Apec Plaza,
        No 49 Hoi Yuen Road,
        Kwun Tong Kowloon
        Hong Kong

    b) c/o Chan Mo Kei (Corporate Secretary)
        Room 1109 Lung Pak House
        Hong Pak Court,
        Lam Tin, Kowloon
        Hong Kong

    c) c/o Wu Sin Loi (Corporate Director)
        Flat A, Block 5, 39/F
        Verbena Height Mau Tai Road
        Tseng Kwan O, Kowloon
        Hong Kong

Counsel Decl., ¶ 16.

16. The Apec Plaza address is the current registered office of Yuntex. Counsel Decl., ¶17.

17. On March 29, 2006, Josepha Na from the Central Authority confirmed in an email to Plaintiff's counsel that service upon Yuntex was successful. Counsel Decl., ¶ 18 and Ex. D thereto.

18.  Plaintiff's counsel has not yet received the original Summons and return of service from the Central Authority confirming the successful service upon Yuntex. Counsel Decl. ¶ 19.

19.  Based on communications with Ms. Na, however, Plaintiff's counsel expects to receive, and be in a position to file, the original Summons and return of service relating to Yuntex within a week or two. Counsel Decl., ¶ 20.

**2.      Diligent Attempts to Serve Chang Have Been Unsuccessful**

20.  New Balance has made attempts to serve Chang on three (3) separate occasions, in two countries, involving four (4) discrete locations, since the litigation began less than a year ago. None of those service attempts was successful. Counsel Decl., ¶ 21.

21.  Based on the initial investigative work of one of Plaintiff's private investigators, Plaintiff's counsel was advised that Chang did not appear to be living in Taiwan, where he had maintained his primary residence during the course of the arbitration. Counsel Decl., ¶ 22.

22.  Plaintiff's counsel eventually received information, however, that Chang was a Director and shareholder of Ulex Trading Company, Ltd. ("Ulex"), which maintained its principal office in Hong Kong. Counsel Decl., ¶ 23.

23.  Plaintiff's counsel was also provided with information that the Ulex corporate organization documents listed Chang's residential address as the Chevalier Commercial Center, No. 8, Wang Hoi Road, Kowloon, Hong Kong (the "Chevalier Commercial Center"). Counsel Decl., ¶ 24.

24. The Chevalier Commercial Center, coincidentally, is Yuntex's former corporate address which it maintained during the course of the arbitration proceeding. Counsel Decl., ¶ 25.

25. Plaintiff's counsel knew, based on an unsuccessful attempt at service by the Central Authority in this case upon Yuntex at the Chevalier Commercial Center in July, 2005 that the premises was commercial, not residential, space and that Yuntex no longer occupies that address. Thus, Plaintiff's counsel was well aware that Chang didn't actually maintain the Chevalier Commercial Center as his residential address. Counsel Decl., ¶¶ 11-12, 26.

26. On October 27, 2005, Plaintiff's counsel sent to the Central Authority an executed USM 94 form seeking to have Chang served at the offices of Ulex at its corporate address located at Apec Plaza, 49 Hoi Yuen Road, Kwun Tong, Kowloon, Hong Kong (the "Apec Plaza"), pursuant to Fed.R.Civ.P. 4(f)(1). Counsel Decl., ¶ 27.

27. On November 23, 2005, a service attempt upon Chang was made at the Apec Plaza but was unsuccessful. Counsel Decl., ¶ 28 and Ex. E thereto.

28. Based on the further investigative efforts of one of New Balance's private investigative services, Plaintiff's counsel was directed to two other potential addresses for Chang at which service could be attempted:

> 19 Hui-Lai Road
> Sec. 1
> Nan-Tun District
> Tai Chung City
> Taiwan
> ("Hui-Lai Road")
>
> No 21-12
> Lung Hsin Lane
> Feng Hsin Road

>       Sec. 2
>       Tantzu
>       Taichung County
>       Taiwan
>       ("Lung Hsin Lane")

Counsel Decl., ¶ 29.

29.     The Hui-Lai Road address purports to be a residential address. Counsel Decl., ¶ 30, Declaration of Chung-Cheng Shen ("Shen Decl.")[3], Ex. 2, ¶¶ 5, 7.

30.     The Lung Hsin Lane address is the business address of Chenfeng Machinery & Enterprises Co., Ltd. ("Chenfeng"), a private Company with which Chang is affiliated. He is a Director and shareholder of Chenfeng. Counsel Decl., ¶ 31, Shen Decl., ¶ 6.

31.     On February 21, 2006, service on Chang was attempted at the Hui-Lai Road address by Mr. Shen, a process server employed by Plaintiff's local counsel, Barker McKenzie, in Taipei, Taiwan pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i). Counsel Decl., ¶ 32, Shen Decl., ¶¶ 1-5.

32.     The service attempt at the Hui-Lai Road address was unsuccessful, but Mr. Shen confirmed that Chang lives there. Counsel Decl., ¶ 33; Shen Decl., ¶ 5.

33.     On the same date, Mr. Shen traveled to the Lung Hsin Lane address of Chenfeng in an effort to serve Chang there. Counsel Decl., ¶ 34; Shen Decl., ¶ 6.

34.     Mr. Shen was advised by a representative of Chenfeng that Chang was then in an undisclosed location in Hong Kong and was not then in Taiwan. Counsel Decl., ¶ 35; Shen Decl., ¶ 6.

---

[3] The Shen Declaration was originally filed in support of New Balance's Motion to Serve Foreign Defendant Horace Chang Pursuant to Rule 4(f)(3) on March 16, 2006. The Motion is pending.

35.     Mr. Shen attempted to serve Chang on February 21, 2006 by hand both in this action and in a parallel action pending in Hong Kong in which New Balance seeks to enforce the arbitration award.  Counsel Decl., ¶ 36; Shen Decl., ¶¶ 5-6.

36.     On March 8, 2006, Mr. Shen made additional attempts at serving Chang pursuant to Fed.R.Civ.P. 4 (f)(2)(C)(i).  Counsel Decl., ¶ 37; Shen Decl., ¶¶ 7-10.

37.     First, Mr. Shen traveled to the Hui-Lai Road address and again did not encounter Chang.  The attempt at service was unsuccessful. Counsel Decl., ¶ 38; Shen Decl., ¶ 7.

38.     Mr. Shen also traveled on March 8, 2006 to the Lung Hsin Lane address of Chenfeng and was advised, again by a Chenfeng agent, that Chang was out of the country.  Counsel Decl., ¶ 39; Shen Decl., ¶ 10.

39.     On March 8, 2006, Mr. Shen also made attempts to serve Chang at two additional locations in Taiwan, but was unsuccessful. Counsel Decl., ¶ 40; Shen Decl., ¶¶ 8-9.

40.     On March 16, 2006, Plaintiff's counsel filed its Motion to Serve Foreign Defendant Chang pursuant to Rule 4(f)(3), which allows service by alternative means. The Motion is pending.  Counsel Decl., ¶41.

## ARGUMENT

It is in the interests of justice that New Balance be afforded additional time to perfect service on the Foreign Defendants.  Fed. R. Civ. P. 4(m), which imposes a 120-day limit for service in most cases, "does not apply to service in a foreign country." Id. See also Ballard v. Tyco Int'l, 2005 WL 1863492 *5 (D. NH 2005); Flock v. Scripto-Tokai Corp., 2001 WL 34111630 at *5 (S.D. Tex. 2001); Nylok Corp. v. Fastener World,

8

Inc. 396 F.3d 805, 806-807 (7th Cir. 2005)[4]. The Complaint was filed less than a year ago. The Foreign Defendants have failed to satisfy the arbitration award and Yuntex and Chang have complicated service by vacating their public business and residential address, respectively, which they maintained openly at the time of the arbitration proceeding. New Balance has been diligent in its service efforts. Service has now been perfected upon Yuntex and New Balance expects to file the related summons and return within the coming weeks. Although service upon Chang has been unsuccessful to date, New Balance has made multiple service attempts in two countries. New Balance expects to perfect service upon Chang pursuant to Fed. R. Civ. P. 4(f)(3), provided that the Court reasonably allows New Balance's Motion to effect service by alternative means.[5]

---

[4] Out of an abundance of caution, New Balance previously sought to extend the date for service of the Complaint and Summons. The current May 15, 2006 service deadline is a product of New Balance's successful efforts to extend the ordinary 120-day service deadline, notwithstanding that this deadline does not apply in the current context.

[5] Under Rule 4(f)(3), service by other means is permitted to the extent "not prohibited by international agreement as may be directed by the Court". Taiwan, unlike Hong Kong, is not a party to the Hague Convention. Cosmetech Intern., LLC v. Der Kwei Enterprise and Co., Ltd., 943 F. Supp. 311, 316 (S.D.N.Y. 1996); see *United States Department of State, Treaties in Force*, available at http://www.state.gov/s/1/treaties. Rule 4(f) does not denote any hierarchy or preference for one method of service over another. See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002); FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005). Additionally, "no language in Rule 4(f)(1) or 4(f)(2) indicates their primacy." Id. Certainly, a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." Rio Props., Inc., 284 F.3d at 1016 (Rule 4(f)(3) service is neither a "last resort" nor "extraordinary relief," but is merely "one means among several" enabling foreign service of process). Courts have routinely approved the alternative means of service contemplated by New Balance under similar circumstances. See Igloo Products Corp. v. Tai Wellex International, 379 F. Supp. 2d 18, 19-20 (D. Mass. 2005) (approving service by mail to defendant's last known address). See also Int'l Controls Corp. v. Vesco, 593 F.2d 166, 176-78 (2nd Cir. 1979) (approving service by mail to last known address); Broadfoot v. Diaz (In re Int'l Telemedia Assoc.), 245 B.R. 713, 719-20 (Bank. N.D. Ga. 2000) (authorizing service by facsimile, electronic mail, and mail to the defendant's last known address); Smith v. Islamic Emirate of Afghanistan, Nos. 01CIV10132 and 01CIV10144, 2001 WL 1658211 *2-3 (S.D.N.Y. December 26, 2001) (authorizing service by publication upon Osama bin Laden and the al-Qaeda organization); New Eng. Merch. Nat'l Bank v. Iran Power Generation & Transmission Co., 495 F. Supp. 73, 80-81 (S.D.N.Y. 1980) (authorizing service by telex to Iranian defendants); Rio Properties, 284 F.3d at 1016 (authorizing service through electronic mail); Popular Enterprises v. Webcom Media Groups, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (email service authorized); SEC v. Tome, 833 F.2d 1086, 1093-1094 (2nd Cir. 1987) (condoning service by publication in the *Int'l Herald Tribune*).

In any case, there will be no prejudice to the Foreign Defendants if the additional time to serve the Foreign Defendant is granted. See The official Committee of Unsecured Creditors of Southhold Development Corp. v. Mittemyer (In re Southold Development Corp.), 148 B.R. 726, 730 (E.D.N.Y 1992) (noting flexible due diligence standard relating to insufficient service of process unless prejudice or hardship results). Given the limited circumstances under which an arbitration award may be vacated, there is no reasonable argument, taking into account the limited passage of time since the Complaint was filed, that the Foreign Defendants will suffer any prejudice.

The deadline to complete service in this matter is May 15, 2006. New Balance will likely have insufficient time to complete service upon the Foreign Defendants should the service deadline not be extended.

WHEREFORE, the plaintiff, New Balance, respectfully requests that the deadline to complete foreign service upon the Foreign Defendants be extended until August 1, 2006. A proposed order is filed herewith.

**RESPECTFULLY SUBMITTED:**
New Balance Athletic Shoe, Inc.
By its attorneys,

 /s/James P. Ponestto
James P. Ponsetto BBO# 556144
GREENBERG TRAURIG, LLP
One International Place, Twentieth Floor
Boston, Massachusetts 02110
(617) 310-6000

bos-fs1\187268v04