UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW BALANCE ATHLETIC SHOE, INC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YUNTEX ENTERPRISE (HK) LIMITED ) <br> AND HORACE CHANG, ) <br> ) <br> Defendants. ) | CA NO.: 05CV10794GAO |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55**

Pursuant to FED. R. CIV. P. 55(b)(2) and this Court's Order of June 14, 2006, plaintiff New Balance Athletic Shoe, Inc. ("New Balance"), hereby moves for the entry of a default judgment against defendants Yuntex Enterprise (HK) Limited ("Yuntex") and Horace Chang ("Chang" and with Yuntex, the "Defendants'): (a) confirming the Final Award of Arbitrator dated December 22, 2004 (the "Final Award"), and the related Second Partial Award and Procedural Order dated November 22, 2004 (the "Second Award") and First Partial Award and Second Procedural Order dated September 12, 2003 (the "First Award" and, together with the Second Award and the Final Award, collectively, the "Award") (copies of the individual awards constituting the Award are appended hereto as Exhibit A), and (b) ordering the Defendants to satisfy the Award, including satisfying the monetary payments and other obligations thereunder.

In support of New Balance's Motion, New Balance submits contemporaneously herewith the Affidavit of James P. Ponsetto (the "Ponsetto Aff.") and a form of Judgment, which is attached hereto as Exhibit B, and states the following:

1

## I.   CERTAIN PROCEDURAL BACKGROUND

1. On April 21, 2005, New Balance timely filed its Application to Confirm Arbitration Award and Enter Judgment Upon the Award (the "Complaint"). See Ponsetto Aff., ¶ 13.

2. On April 7, 2006, New Balance was granted leave to serve the Defendant, Chang, under Fed. R. Civ. P. 4(f)(3) (the "Order"). Id., ¶ 14.

3. On April 11, 2006, New Balance, by its counsel, in compliance with the Order, caused a copy of the Complaint, Summons and the Order to be served upon Mr. Chang. Id., ¶ 15.

4. On March 23, 2006, New Balance, by its counsel, caused a copy of the Complaint and Summons to be timely served upon the Defendant, Yuntex. Id., ¶ 16.

5. Returns of service or other evidence of service upon Yuntex and Mr. Chang were timely filed with the Court on April 26, 2006 and April 12, 2006, respectively. Id., ¶ 17, and docket entries related thereto.

6. Upon New Balance's Motion, the Court entered default judgment on July 14, 2006. Id., ¶ 18.

## II.   THE DEFENDANTS ARE NOT INFANTS, INCOMPETENTS OR PERSONS IN THE MILITARY SERVICE

7. Defendants Yuntex and Chang are not infants or incompetent persons and are not persons in the military service, but rather are a Hong Kong-based company and a middle-aged Asian businessman, respectively. Id., ¶ 19; See Second Award, p. 4.

## III.   EVENTS LEADING TO THE AWARD

8. On January 1, 1995, New Balance entered into a Distribution Agreement and a License Agreement with Haiku Johaco Enterprise (HK) Limited ("Johaco") (collectively the

"Agreements," annexed hereto as Exhibits C and D, respectively). Under the Distribution Agreement, Johaco became New Balance's exclusive distributor in China to sell New Balance shoes . Ponsetto Aff., ¶ 3.

9. Johaco changed its name on October 31, 1997 to Yuntex Enterprise (HK) Ltd. ("Yuntex") (the Certificate of Name Change is annexed hereto as Exhibit E). Ponsetto Aff., ¶ 4.

10. The Agreements both contain arbitration clauses stating that all disputes, including post-termination obligations are to be settled using the Commercial Arbitration Rules of the American Arbitration Association. The arbitration clauses of both Agreements state that any arbitration shall be held in Boston, Massachusetts and that all proceedings shall be in English. (See Distribution Agreement Section XVIII; License Agreement Section 11(i)). Ponsetto Aff., ¶ 5.

11. A dispute arose between the parties that was subject to the arbitration provision of each Agreement. Ponsetto Aff., ¶ 6.

12. Pursuant to the arbitration clauses of the Agreements, the parties submitted the dispute to arbitration. Ponsetto Aff., ¶ 7.

13. The arbitrator held hearings and heard evidence, with both parties attending[1], and, based on all the evidence, the arbitrator made the Award in writing. See Award, Exhibit A. Ponsetto Aff., ¶ 8.

14. The Defendants have failed to voluntarily satisfy the Final Award in the time since it was made. Ponsetto Aff. ¶ 10. Therefore, confirmation of, and a judgment on, the Award is needed to permit the Plaintiff, New Balance, to enforce it. Id.

---

[1] As noted in Second Award, "at the hearing, both sides were represented by counsel, one firm representing New Balance and another appearing jointly on behalf of Yuntex and Mr. Chang. Yuntex's and Chang's attorney cross-examined New Balance' witnesses, put in several documentary exhibits but called no witnesses.. Both sides submitted post-hearing arguments of fact and law." See Second Award, Exhibit A, p. 3

15. As more fully set forth in the Ponsetto Aff., pursuant to the Award, Yuntex and Chang were ordered:

(i) to cease making any use of, and return to the Claimant, New Balance, forthwith, any and all items of the Claimant's property in their possession, including, without limitation, New Balance signs, labels, packages, wrappers, advertisements, footwear molds and technical, sales, marketing and other confidential business materials relating to formulae, specifications, manufacturing processes, standards, and technical information; and

(ii) to pay, jointly and severally,

(a) to New Balance, damages in the amount of Six Million Nine Hundred Twenty Four Thousand and Five Hundred (**$6,924,500.00**) Dollars and interest in the amount of Two Million Nine Hundred Fifty Five Thousand One Hundred Twenty-Four Dollars and Eighty Cents (**$2,955,124.80**), all in the US currency;

(b) to New Balance, in the amount of Twenty Thousand Seven Hundred Twelve Dollars and Forty Two Cents (**$20,712.42**)**,** for that portion of compensation and expenses of the arbitrator previously advanced by New Balance to the International Center for Dispute Resolution ("ICDR")

(c) to ICDR, the sum of Eleven Thousand Seven Hundred Ninety Seven Dollars and Twenty Seven Cents (**$11,797.27**) for compensation still due the arbitrator.

(d) to New Balance, the sum of Eight thousand Eight Hundred Sixty Dollars (**$8,860.00**) for that portion of Yuntex's share of administrative fees and expenses previously advanced by New Balance to ICDR.

See Final Award, Exhibit A.

16. The First and Second Awards, although setting the foundation for the Final Award, provided essentially non-monetary relief. Pursuant to the First Award, for example, the arbitrator ruled that Yuntex was bound by the arbitration agreements because it was the alter ego of the signatory Johaco and expressly assumed the obligations of Johaco under the Agreements containing the arbitration clauses. See First Award, Exhibit A, p. 4. In the Second Award, the

4

arbitrator found, among other things, that: (a) Chang was the alter ego of Yuntex, (b) the Defendants were bound by the arbitration clauses in the Agreements, and (c) the Defendants were liable to New Balance for breach of the Agreements.  See Second Award, Exhibit A, pps. 6-7, 14-18.

### IV. ARGUMENT

#### 1. The Court Should Order Entry of Default Judgment.

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. See, e.g., Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("[w]hen a defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). Absent a statutory basis for modifying, vacating or correcting an arbitration award, a district court is required to confirm the award if a timely application for confirmation has been made. See Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987).

There are few grounds available for vacating an arbitration award. "Within three years after an arbitral award falling under the [New York] Convention [of 1958], any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The Court shall confirm the award unless it finds one of the grounds for the refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Article V of the Convention sets forth only

narrow grounds, which are not implicated here, for refusing to recognize or enforce an arbitral award. 21 U.S.T. 2517, Art. V; 9 U.S.C. § 201 *et seq.*[2]

Despite being served with the Complaint, the Defendants have failed to appear and defend this action by New Balance to confirm the Award. There is nothing in the record which affords any basis for not confirming the Award. Absent any showing that the Defendants have satisfied the onerous conditions necessary to avoid confirmation of the Award, the Court should grant the relief sought by New Balance.

### 2. New Balance Is Entitled To Post-Award Interest

New Balance is entitled to "post-award" interest pursuant to 28 U.S.C. § 1961(a). Interest ordinarily runs "from the date of the entry of judgment." Id. In the case of an arbitration decision, where the judgment is confirmed in a District Court, the date that serves as "the date of the entry of judgment" is the date of arbitrator's decision. See, e.g., Fort Hill Builders, Inc. v. National Grange Mutual Insurance Company, 866 F. 2d 11, 14 (1st Cir. 1989) ("under either federal or state law, interest should be awarded from the date of the arbitration decision");

---

[2] According to Article V, recognition and enforcement of an award may be refused only if the party seeking refusal **furnishes proof** that: 1. "(a) the parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or (b) the party against whom the award it invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceeding or was otherwise unable to present his case; or (c) the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or (d) the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or failing such agreement, was not in accordance with the law of the country where the arbitration took place, or 2. [r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that: (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or (b) the recognition or enforcement of the award would be contrary to the public policy of that country." See 9 U.S.C. § 201 (2006) (emphasis supplied).

Similarly, under 9. U.S.C. § 11, confirmation of an award can be denied upon evidence that the award "was procured by corruption, fraud, or undue means", or where the arbitrators (1) acted with "evident partiality or corruption." (2) were guilty of prejudicial misconduct, or (3) "exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Trustees of Lawrence Academy at Groton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 821 F. Supp. 59, 63-64 (D.N.H. 1993) (stating that awards bear interest from the date of the award); SunShip, Inc. v. Matson Navigation Co., 785 F. 2d 59 (3d Cir. 1986) (stating that interest runs from the date of award and not the date confirming the award).  Thus, post-judgment interest should be calculated from the date of the arbitration decision.  Fort Hill Builders, Inc., 866 F. 2d at 14.  The First Circuit has not decided the issue of whether federal or state law governs the *rate* at which post-award damages accrue interest.  Id., at 14-15 (noting, without deciding, that "courts are not entirely in accord" on the question of whether federal or state law governs rate of post-award, pre-judgment interest).  The Fort Hill Builder's Court nonetheless applied the federal rate set forth in 28 U.S.C. § 1961(a), which at the time was 6.5%.  Id.[3]  New Balance therefore seeks a judgment which imposes the rate of interest on the Award set forth in § 1961(a).  New Balance is entitled to interest from the date of the Award, December 22, 2004, to the date when payment is eventually received.  See id.; 28 U.S.C. § 1961(a).  Interest should be calculated "at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."  Id.

     WHEREFORE, plaintiff New Balance Athletic Shoe, Inc. respectfully requests that pursuant to Fed. R. Civ. P. 55, this Court enter a default judgment against the defendants, Yuntex Enterprise (HK) Limited and Horace Chang, confirming the Award in all respects and affording New Balance the other relief set forth in the form of Judgment attached hereto as Exhibit B.

---

[3] Currently, the applicable rate is approximately 5.11%.

**RESPECTFULLY SUBMITTED:**

New Balance Athletic Shoe, Inc.,
By its attorneys,

 /s/ James P. Ponestto
James P. Ponsetto BBO# 556144
GREENBERG TRAURIG, LLP
One International Place
Twentieth Floor
Boston, Massachusetts 02110
(617) 310-6000

**CERTIFICATE OF SERVICE**

I, James P. Ponsetto, hereby certify that on August 11, 2006 I served a copy of (a) Plaintiff's Motion for Default Judgment, (b) the related Affidavit of James P. Ponsetto and (c) the form of Judgment, by first-class mail, postage prepaid upon the Defendants:

Mr. Horace Chang
19 Hui-Lai Road
Sec. 1
Nan-Tun District
Tai Chung City
Taiwan

Yuntex Enterprise (HK) Limited
Room 1602, Apec Plaza,
No 49 Hoi Yuen Road,
Kwun Tong Kowloon
Hong Kong

 /s/ James P. Ponsetto
James P. Ponsetto