UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
NEW BALANCE ATHLETIC SHOE, INC, )
                                 )
Plaintiff,                       )
                                 )
v.                               )          CA NO.: 05CV10794GAO
                                 )
YUNTEX ENTERPRISE (HK) LIMITED   )
AND HORACE CHANG,                )
                                 )
Defendants.                      )
_____)

**AFFIDAVIT OF JAMES P. PONSETTO IN SUPPORT OF MOTION FOR
ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55**

I, James P. Ponsetto, declare and say as follows:

1.      I am an attorney affiliated with Greenberg Traurig, LLP.

2.      I am one of the attorneys representing the Plaintiff, New Balance Athletic Shoe, Inc. ("New Balance").  I offer this Affidavit in support of the Motion of New Balance for Entry of Default Judgment (the "Motion").  References herein to the "Memo" are to New Balance's Memorandum in Support of the Motion.

3.      On January 1, 1995, New Balance entered into a Distribution Agreement and a License Agreement with Haiku Johaco Enterprise (HK) Limited. ("Johaco") (collectively the "Agreements," annexed as Exhibits C and D to the Memo, respectively). Under the Distribution Agreement, Johaco became New Balance's exclusive distributor in China to sell New Balance shoes.

4.      Johaco changed its name on October 31, 1997 to Yuntex Enterprise (HK) Ltd. ("Yuntex") (the Certificate of Name Change is annexed as Exhibit E to the Memo).

5.      The Agreements both contain arbitration clauses stating that all disputes, including post-termination obligations are to be settled using the Commercial Arbitration Rules of the American Arbitration Association.   The arbitration clauses of both Agreements state that any arbitration shall be held in Boston, Massachusetts and that all proceedings shall be in English.   (See Distribution Agreement Section XVIII; License Agreement Section 11(i), Exhibits C and D to the Memo, respectively).

6.      A dispute arose between the parties that was subject to the arbitration provision of each Agreement.

7.      Pursuant to the arbitration clause of the Agreements, the parties submitted the dispute to arbitration.

8.      The arbitrator held hearings and heard evidence, with both parties attending[1], and, based on all the evidence, the arbitrator made the Award in writing. See Award (defined below).  The Award is appended as Exhibit A to the Memo.

9.      The arbitrator entered a Final Award on December 22, 2004 in favor of New Balance (the "Final Award").   Prior to entry of the Final Award, the arbitrator entered two related awards:   the Second Partial Award and Procedural Order, dated November 22, 2004 (the "Second Award") and the First Partial Award and Second Procedural Order, dated September 12, 2003 (the "First Award" and, together with Final Award and the Second Award, the "Award").

---

[1] As noted in Second Award (defined above), "at the hearing, both sides were represented by counsel, one firm representing New Balance and another appearing jointly on behalf of Yuntex and Mr. Chang. Yuntex's and Chang's attorney cross-examined New Balance' witnesses, put in several documentary exhibits but called no witnesses. Both sides submitted post-hearing arguments of fact and law." See Second Award, Exhibit A to the Memo, p. 3.

10.     The Defendants have failed to voluntarily satisfy the Award in the time since it was made.  Therefore, confirmation of, and a judgment on, the Award is needed to permit the Plaintiff, New Balance, to enforce it.

11.     Pursuant to the Award, Yuntex and Chang were ordered:

(i)     to cease making any use of, and return to the Claimant, New Balance, forthwith, any and all items of the Claimant's property in their possession, including, without limitation, New Balance signs, labels, packages, wrappers, advertisements, footwear molds and technical, sales, marketing and other confidential business materials relating to formulae, specifications, manufacturing processes, standards, and technical information; and

(ii)     to pay, jointly and severally,

(a)     to New Balance, damages in the amount of Six Million Nine Hundred Twenty Four Thousand and Five Hundred (**$6,924,500.00**) Dollars and interest in the amount of Two Million Nine Hundred Fifty Five Thousand One Hundred Twenty-Four Dollars and Eighty Cents (**$2,955,124.80**), all in the US currency;

(b)     to New Balance, in the amount of Twenty Thousand Seven Hundred Twelve Dollars and Forty Two Cents (**$20,712.42**)**,** for that portion of compensation and expenses of the arbitrator previously advanced by New Balance to the International Center for Dispute Resolution ("ICDR")

(c)     to ICDR,  the sum of Eleven Thousand Seven Hundred Ninety Seven Dollars and Twenty Seven Cents (**$11,797.27**) for compensation still due the arbitrator.

(d)     to New Balance, the sum of Eight thousand Eight Hundred Sixty Dollars (**$8,860.00**) for that portion of Yuntex's share of administrative fees and expenses previously advanced by New Balance to  ICDR.

See Final Award, Exhibit A.

12.     The First and Second Awards, although setting the foundation for the Final Award, provided essentially non-monetary relief. Pursuant to the First Award, for example, the arbitrator ruled that Yuntex was bound by the arbitration agreements

because it was the alter ego of the signatory, Johaco, and expressly assumed the obligations of Johaco under the Agreements containing the arbitration clauses. <u>See</u> First Award, Exhibit A, p. 4. In the Second Award, the arbitrator found, among other things, that: (a) Chang was the alter ego of Yuntex, (b) the Defendants were bound by the arbitration clauses in the Agreements, and (c) the Defendants were liable to New Balance for breach of the Agreements. <u>See</u> Second Award, Exhibit A, pps. 6-7, 14-18.[2]

13.    New Balance timely filed its Application to Confirm Arbitration Award and Enter Judgment Upon the Award on April 21, 2005 (the "Complaint").

14.    On April 7, 2006, New Balance was granted leave to serve the Defendant, Chang, under Fed. R. Civ. P. 4(f)(3) (the "Order").

15.    On April 11, 2006, New Balance, by its counsel, in compliance with the Order, caused a copy of the Complaint, Summons and the Order to be served upon Mr. Chang.

16.    On March 23, 2006, New Balance, by its counsel, caused a copy of the Complaint and Summons to be timely served upon the Defendant, Yuntex.

17.    Returns of service or other evidence of service upon Yuntex and Mr. Chang were timely filed with the Court on April 26, 2006 and April 12, 2006, respectively. <u>See</u> docket entries related thereto, attached hereto as Exhibit 1.

18.    Upon New Balance's Motion, the Court entered default judgment on July 14, 2006.

---

[2] The arbitrator included damage and pre-award interest figures in the Second Award, but noted that "the final award <u>will</u> award damages against Yuntex and Mr. Chang, jointly and severally." <u>See</u> Second Award, Exhibit A, p. 17 (suggesting that the damage and interest amounts reflected in the Second Award were preliminary rather than definitive awards). In any case, the damages figures contained in the Second Award are the same as in the Final Award.

19.     Defendants Yuntex and Chang are not infants or incompetent persons and are not persons in the military service, but rather are a Hong-Kong based company and a middle-aged Asian businessman, respectively.  See Second Award, p. 4.

Signed under the pains and penalties of perjury this 11th day of August, 2006.

*Counsel for*
*New Balance Athletic Shoe, Inc,*


    /s/ James P. Ponsetto
James P. Ponsetto, BBO # 556144
GREENBERG TRAURIG, LLP
One International Place, Twentieth Floor
Boston, Massachusetts 02110
(617) 310-6000

DATED: August 11, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I, James P. Ponsetto, hereby certify that on August 10, 2006 I served a copy of the Declaration of James P. Ponsetto Regarding Service Upon Foreign Defendant Horace Chang Filed in Lieu of Summons and Return of Service, by first-class mail, postage prepaid upon:

Mr. Horace Chang
19 Hui-Lai Road
Sec. 1
Nan-Tun District
Tai Chung City
Taiwan

Yuntex Enterprise (HK) Limited
Room 1602, Apec Plaza,
No 49 Hoi Yuen Road,
Kwun Tong Kowloon
Hong Kong

 /s/ James P. Ponsetto
James P. Ponsetto

bos-fs1\198477v01

6

**EXHIBIT 1**

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-10794-GAO

New Balance Athletic Shoe, Inc. v. Yuntex Enterprise (HK) Limited et al

Assigned to: Judge George A. O'Toole, Jr

Cause: 9:9 Motion to Confirm Arbitration Loan

Date Filed: 04/21/2005

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

**Plaintiff**

**New Balance Athletic Shoe, Inc.**          represented by   **James P. Ponsetto**
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6073
Fax: 617-310-6001
Email: ponsettoj@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yuntex Enterprise (HK) Limited**

**Defendant**

**Horace Chang**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2005 | 1 | APPLICATION TO CONFIRM ARBITRATION AWARD and ENTER JUDGMENT UPON THE AWARD against Yuntex Enterprise (HK) Limited, Horace Chang Filing fee: $ 250, receipt number 63682, filed by New Balance Athletic Shoe, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 civil cover and category sheet)(Edge, Eugenia) (Entered: 04/22/2005) |
| 04/21/2005 | | Summons Issued as to Yuntex Enterprise (HK) Limited, Horace Chang. (Edge, Eugenia) (Entered: 04/22/2005) |
| 04/21/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Edge, Eugenia) (Entered: 04/22/2005) |
| 06/06/2005 | 2 | MOTION for Extension of Time to December 15, 2005 to serve foreign defendants by New Balance Athletic Shoe, Inc. c/s. (Attachments: # 1 Text of Proposed Order)(Edge, Eugenia) (Entered: 06/09/2005) |

| | | |
|---|---|---|
| 06/06/2005 | 3 | MEMORANDUM in Support re 2 MOTION for Extension of Time to December 15, 2005 to Serve foreign defendants filed by New Balance Athletic Shoe, Inc. c/s. (Edge, Eugenia) (Entered: 06/09/2005) |
| 06/17/2005 | 4 | MOTION for Issuance of Request for International Judicial Assistance (Letters Rogatory) by New Balance Athletic Shoe, Inc. Certfication Pursuant to Local Rule 7.1 attached. c/s. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Edge, Eugenia) (Entered: 06/20/2005) |
| 06/17/2005 | 5 | Proposed Document(s) submitted by New Balance Athletic Shoe, Inc.. Document received: Request for International Judicial Assistance (Letters Rogatory). (Attachments: # 1 Exhibit A# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D)(Edge, Eugenia) (Entered: 06/21/2005) |
| 07/28/2005 | | Judge George A. O'Toole Jr.: Electronic ORDER entered granting 2 Motion for Extension of Time, granting 4 Motion for Issuance of Letters Rogatory (Lyness, Paul) (Entered: 07/28/2005) |
| 07/28/2005 | 6 | Judge George A. O'Toole Jr.: ORDER entered. re 5 Proposed Document (s) submitted, Proposed Document(s) submitted filed by New Balance Athletic Shoe, Inc., (Lyness, Paul) (Entered: 07/28/2005) |
| 10/19/2005 | 7 | MOTION for Order to extension time within which to complete service of application to confirm arbitration award and summons on the foreign defendants by New Balance Athletic Shoe, Inc.. (Attachments: # 1 Proposed Order)(Edge, Eugenia) (Entered: 10/25/2005) |
| 10/19/2005 | 8 | MEMORANDUM in Support re 7 MOTION for Order to extension time within which to complete service of application to confirm arbitration award and summons on the foreign defendants filed by New Balance Athletic Shoe, Inc.. c/s (Edge, Eugenia) Modified on 10/25/2005 to correct filing date(Edge, Eugenia). (Entered: 10/25/2005) |
| 10/19/2005 | 9 | DECLARATION of Counsel re 7 MOTION for Order to extension time within which to complete service of application to confirm arbitration award and summons on the foreign defendants by New Balance Athletic Shoe, Inc..c/s (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Edge, Eugenia) (Entered: 10/25/2005) |
| 12/16/2005 | | Summons Reissued as to Yuntex Enterprise (HK) Limited, Horace Chang. (Edge, Eugenia) (Entered: 12/16/2005) |
| 01/04/2006 | 10 | MOTION *to File Supplemental Memorandum Relating to Further Attempted Service upon Foreign Defendants* by New Balance Athletic Shoe, Inc..(Ponsetto, James) (Entered: 01/04/2006) |
| 01/04/2006 | 11 | MEMORANDUM in Support re 10 MOTION *to File Supplemental Memorandum Relating to Further Attempted Service upon Foreign Defendants* filed by New Balance Athletic Shoe, Inc.. (Attachments: # 1 Affidavit Exhibit 1 Declaration of Counsel# 2 Exhibit Exhibit A - Affirmation of Non-Service)(Ponsetto, James) (Entered: 01/04/2006) |
| 01/13/2006 | | Summons Reissued as to Yuntex Enterprise (HK) Limited, Horace Chang. Requested by Atty. Ponsetto. (Edge, Eugenia) (Entered: |

| | | |
|---|---|---|
| | | 01/13/2006) |
| 01/18/2006 | | Judge George A. O'Toole Jr.: Electronic ORDER entered granting 10 Motion to File Supplemental Memorandum Relating to Further Attempted Service upon Foreign Defendants. cc/cl (Edge, Eugenia) (Entered: 01/18/2006) |
| 01/26/2006 | | Judge George A. O'Toole Jr.: Electronic ORDER entered granting Nunc Pro Tunc 7 Motion for Order (Lyness, Paul) (Entered: 01/26/2006) |
| 01/27/2006 | 12 | LETTERS ROGATORY issued. (Edge, Eugenia) (Entered: 02/02/2006) |
| 03/17/2006 | 13 | MOTION Leave to Serve Defendant Chang by Alternative Methods Under Rule 4(f)(3) by New Balance Athletic Shoe, Inc.. (Attachments: # 1 Exhibit A/ Proposed Order# 2 Exhibit B/Declaration of Counsel# 3 Exhibit C/Shen Declaration# 4 Exhibit B Exhibits (A and B))(Ponsetto, James) (Entered: 03/17/2006) |
| 03/17/2006 | 14 | MEMORANDUM in Support re 13 MOTION Leave to Serve Defendant Chang by Alternative Methods Under Rule 4(f)(3) filed by New Balance Athletic Shoe, Inc.. (Ponsetto, James) (Entered: 03/17/2006) |
| 04/05/2006 | 15 | MOTION for Extension of Time to August 1, 2006 to Serve the Complaint and Summons Upon the Foreign Defendants by New Balance Athletic Shoe, Inc.. (Attachments: # 1 Affidavit Declaration of Counsel in Support of Motion to Extend Service Date# 2 Affidavit Declaration of Shen in Support of Motion to Extend Service Date# 3 Text of Proposed Order Proposed Order Extending Service Date)(Ponsetto, James) (Entered: 04/05/2006) |
| 04/05/2006 | 16 | MEMORANDUM in Support re 15 MOTION for Extension of Time to August 1, 2006 to Serve the Complaint and Summons Upon the Foreign Defendants filed by New Balance Athletic Shoe, Inc.. (Ponsetto, James) (Entered: 04/05/2006) |
| 04/07/2006 | 17 | Judge George A. O'Toole Jr.: ORDER entered granting 13 Motion (Lyness, Paul) (Entered: 04/10/2006) |
| 04/07/2006 | 18 | Judge George A. O'Toole Jr.: ORDER entered granting 15 Motion for Extension of Time (Lyness, Paul) Additional attachment(s) added on 4/11/2006 (Edge, Eugenia). (Entered: 04/10/2006) |
| 04/12/2006 | 19 | AFFIDAVIT OF SERVICE Executed by New Balance Athletic Shoe, Inc.. Horace Chang served on 4/11/2006, answer due 7/10/2006. Acknowledgement filed by New Balance Athletic Shoe, Inc.. (Ponsetto, James) Modified on 4/13/2006 to correct text (Edge, Eugenia). (Entered: 04/12/2006) |
| 04/13/2006 | | Set/Reset Answer Deadlines for Horace Chang. **Per Atty. Ponsetto because defendant Chang is out of the country, he has 90 days to answer/respond.** (Edge, Eugenia) (Entered: 04/13/2006) |
| 04/26/2006 | 20 | SUMMONS Returned Executed Yuntex Enterprise (HK) Limited served on 3/23/2006, answer due 4/12/2006. (Ponsetto, James) (Entered: |

| | | |
|---|---|---|
| | | 04/26/2006) |
| 04/26/2006 | | Reset Answer Deadlines: Yuntex Enterprise (HK) Limited 6/22/2006. **Per Atty. Ponsetto because defendant Chang is out of the country, he has 90 days to answer/respond** (Edge, Eugenia) (Entered: 04/26/2006) |
| 07/13/2006 | 21 | MOTION for Entry of Default *Against Yuntex and Horace Chang* by New Balance Athletic Shoe, Inc..(Ponsetto, James) (Entered: 07/13/2006) |
| 07/13/2006 | 22 | AFFIDAVIT of Counsel for New Balance re 21 MOTION for Entry of Default *Against Yuntex and Horace Chang* by New Balance Athletic Shoe, Inc.. (Attachments: # 1 Exhibit Docket)(Ponsetto, James) (Entered: 07/13/2006) |
| 07/14/2006 | | Judge George A. O'Toole Jr.: Electronic ORDER entered granting 21 Motion for Entry of Default (Lyness, Paul) (Entered: 07/14/2006) |
| 07/14/2006 | 23 | NOTICE: Clerk's ENTRY OF DEFAULT as to Yuntex Enterprise (HK) Limited and Horace Chang (Lyness, Paul) (Entered: 07/14/2006) |
| 07/14/2006 | 24 | Judge George A. O'Toole Jr.: ORDER entered. STANDING ORDER on motions for default judgment re 23 Notice: Clerk's Entry of Default (Lyness, Paul) (Entered: 07/14/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/11/2006 15:00:59 | | | |
| **PACER Login:** | gt0242 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-10794-GAO |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |